UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ROBERT JONES** ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| **LEGAL PREVENTION SERVICES,** ) | **JURY TRIAL DEMANDED** |
| **LLC** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Robert Jones, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Robert Jones, (hereinafter, Plaintiff), is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as relief from Invasion of Privacy by Intrusion Upon Seclusion.

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant maintains a primary location in this District.

### III. PARTIES

4. Plaintiff, Robert Jones, (hereafter, Plaintiff) is an adult natural person residing at 7770 Haven Street, Las Vegas, NV 89123.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Legal Prevention Services, LLC., (hereafter, Defendant) at all times relevant hereto, is and was a foreign limited liability Company , engaged in the business of collecting debt within but not limited to the States of New York and Nevada, with a principal place of business located at 485 Cayuga Rd., #402, Cheektowaga, NY 14225-1309.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around October, 2014, Plaintiff started to receive constant calls to his personal cell phone from the Defendant attempting to collect on an alleged debt said to be owed on a past due Wells Fargo account.

8. Upon information and belief, the majority of the telephone calls referenced above were all placed with an "automated telephone dialing system" or "autodialer".

9. Additionally, all calls were said to be in regards to a legal matter and required the immediate response of the Plaintiff and/or his attorney.

10. Plaintiff is said to owe a balance of approximately $13,434.17 on account ending **4565, file #216050.

11. Plaintiff has not had an account with Wells Fargo in over ten (10) years and disputes the validity of this alleged debt.

12. On or about October 6, 2014, Plaintiff received a voicemail message from a female agent of the Defendant, claiming she was from the Defendant's "Pre-Legal" department, calling to inform the Plaintiff that his file had been placed with her office and that this file was attached to Plaintiff's name and social security number.  The female agent further stated that she needed to hear back from the Plaintiff or his attorney, as she was scheduled to verify the assets and employment.

13. Plaintiff was warned that he or his attorney would need to call back 866-413-2918 extension 213 immediately, as this matter was only going to affect him.

14. On or about October 17, 2014, the same female agent from extension 213 called the Plaintiff back and left an additional voicemail demanding a call back from the Plaintiff or his attorney within twenty-four (24) hours on file #216050.

15. The female agent threatened the Plaintiff that failure to reply to her message in a timely manner would allow her to make a decision on his behalf in reference to the legal complaint that had been placed in her office.

16. Plaintiff was again told that the alleged complaint was bearing his name and social security number and that if he wanted to have a say in her decision that he or his attorney would have to contact her at extension 213 within twenty –four (24) hours.

17. Plaintiff called the female agent back at extension 213, but she was not available to speak with him.

18. Plaintiff spoke with a male agent of the Defendant and again informed them that he disputed this debt and wanted validation of the alleged account.

19. Defendant's male agent refused.

20. Plaintiff was warned that if he did not make payment immediately that the Defendant would be legally authorized to go after his employment records.

21. Around this same time, despite having full knowledge of how to contact the Plaintiff and already speaking with him, Defendant placed a call to Plaintiff's parents telling them that they needed to get in touch with their son right away.

22. Defendant further stated that the call was in regards to an important legal matter and that they needed to speak with Robert Jones or his attorney.

23. On or about October 20, 2014, Plaintiff faxed a written request for validation of this account to the Defendant, but to date has received no response.

24. Defendant's corporate policy is structured to continue to call individuals like the Plaintiff continually despite being told that the debt is in dispute.

25. Defendant at no time informed the Plaintiff of his rights to dispute this alleged debt within thirty (30) days of their initial contact.

26. Defendant has failed to validate this debt and has continued to intentionally harass and abuse the Plaintiff by phone on numerous occasions, several times each day with such frequency as can reasonably be expected to harass.

27. Defendant's name in itself can be seen as abusive, unfair, and deceptive, referencing "Legal Prevention" as a tactic to pressure consumers into making payments on purported debts to avoid legal action against them.  Defendant's actions are a clear violation of the FDCPA, as they would not be able to file a complaint against the Plaintiff, due to the fact that they are not attorneys and the alleged debt in question is most likely long past the statute of limitations.

28. As a direct consequence of Defendants acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

29. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

31. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§1692c(b): | With anyone except consumer, consumer's attorney or credit bureau concerning the debt |
| §§1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| §§1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§1692e(2): | Character, amount or legal status of the alleged debt |
| §§1692e(3): | Acting as any individual is an attorney or that a communication is from an attorney |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

   §§ 1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

   §§ 1692g(a)(3):  Must state the right to dispute within 30 days

   §§1692g(b):  Collector must cease collection efforts until a debt is validated

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Legal Prevention Services, LLC, for the following:

 a. Actual damages;

 d. Statutory damages pursuant to 15 U.S.C. §1692k;

 c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

 d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35. The above paragraphs are hereby incorporated herein by reference.

36. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37. Nevada recognizes Plaintiff's rights to be free from invasions of privacy, thus Defendant violated Nevada state law.

38. Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiffs with frequent telephone calls, abusing Plaintiff.

39. The telephone calls made by Defendant to Plaintiff was so persistent and repeated with such frequency as to be considered, "hounding the Plaintiff," and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

40. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

42. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a. Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit;

    c.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: October 31, 2014**    **BY :** */s/ Brent F. Vullings*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA  19426
610-489-6060
610-489-1997 fax
bvullings@vullingslaw.com
Attorney for the Plaintiff